Baldwin, J.
delivered the opinion of the Court.
The evidence in the cause is satisfactory to prove that the paper writing propounded as the last will and testament of Jane Wood deceased, was acknowledged by her as her act in the presence of the attesting witnesses, who subscribed the same as such in her presence, and moreover at her request; that the testatrix was at the time of sound disposing mind and memory, understood the nature and contents of the instrument, designed the testamentary disposition of her property thereby made, and was in no wise the subject of any fraud or undue influence. The case, therefore, turns upon the question whether the formal execution and attestation of the instrument was in the mode prescribed by law.
Our statute law requires a will, whether of realty or personalty, to be in writing, and signed by the testator, or by some other person in his presence and by his direction, and moreover, if not wholly written by himself, to be attested by two or more credible witnesses subscribing their names in his presence.
*24 The paper in question appears upon its face to be signed with the name and mark of the testatrix, and subscribed with the names of two of the attesting witnesses, and with the name and mark of the third. The names of the two former witnesses, to wit, Neighbours and Cralle, who were dead at the time of the probat in the County court, are proved to be in'their hand writing, and the name of the third, to wit, Driskill, who has been examined in the cause, is proved to be in the handwriting of Neighbours, and the body of the will, together with the signature of the testatrix’s name, is also proved to be in the handwriting of Neighbours. The surviving witness, Driskill, proves the acknowledgment of the testatrix in the presence of himself and the other two witnesses; that his own name was written by Neighbours, at his own request, and the mark thereto made by himself; and that Neighbours and Cralle wrote their own names. Driskill also proves that the testatrix put her mark to the subscription of her name : but he states that when he made his mark, which was after the other witnesses had written then names, the testatrix had not put her mark to the subscription of her name, but made it subsequently; and the enquiry is, whether the fact be according to the recollection of the witness, and if so whether, under the circumstances, it be material.
The surviving witness Driskill proves that the testatrix actually executed the instrument in the presence of himself and the other two witnesses by her affixing her mark to the subscription of her name, and this is a sufficient signing within the meaning of the statute; so that the only thing which can be material in this part of the enquiry is, whether she made her mark before or after the subscription of the witnesses. The proof that the signatures of the two deceased witnesses is in their handwriting is secondary evidence derived from them, that prima facie all the essential requisites of the statute *25 were observed. It is moreover a fair presumption that the witness Neighbours, who wrote the will, and concurred in its attestation, gave his attention as the confidential friend of the testatrix, to its due execution in the proper order of time. The surviving witness, Driskill, is an illiterate person, who gives his recollection after the lapse of more than sixteen years, as to the order of time of one of several incidents occurring within the brief period of a few minutes ; and he appears to be mistaken as to the season of the year in which the whole transaction occurred. If the moment of time at which the testatrix made her mark be material, the Courts below who had that witness before them, enjoyed a better opportunity than this forum of forming a correct judgment in regard to the credit and weight due to his testimony; and all circumstances considered, we cannot undertake to say that they did not estimate it correctly; and upon the whole the fair inference is that the testatrix made her mark before the subscription of the witnesses. If this were otherwise, can it be considered material ?
It is not necessary that the subscribing witnesses to a will should see the testator sign, or that he should acknowledge to them the subscription of his name to be his signature, or even that the instrument is his will. It is enough that he should acknowledge in their presence that the act was his, with a knowledge of the contents of the instrument, and the design that it should be the testamentary disposition of his property. If the paper has been subscribed by himself, such an acknowledgment is a recognition and ratification of his signature. If his name has been subscribed to it by another, such acknowledgment is a recognition and ratification of the signature as having been made for him, in his presence and by his direction. In this case, if the testatrix made her mark after the attestation of the witnesses, it seems to have been an afterthought, and not *26 in pursuance of any design conceived prior to the attestation. The witness Driskill proves that upon making his mark to the subscription of his name, he handed the . pen to the testatrix, who remarked to the witness Neighbours, "as you have written my name, I will make my mark.” The fair presumption, therefore, from the evidence is, that the name of the testatrix had been written by Neighbours in her presence and at her request, without any design on her part to affix her mark to it, until the idea occurred after the attestation of the witnesses, and in that aspect it was a work of supererogation.
And, moreover, the fact whether in the order of time the testatrix made her mark before or after the subscription of the witnesses, is, under the circumstances, in no wise material, insomuch as the whole transaction must be regarded as one continuous uninterrupted act, conducted and completed within a few minutes, while all concerned in it continued present, and during the unbroken supervising attesting attention of the subscribing witnesses.
Brooke, J. concurred in affirming the judgment.
Judgment affirmed.